THE TRENTON TRUST AND SAFE DEPOSIT COMPANY, substituted trustee, &c.,

v.

MARY C. ROBINSON et al.

[Submitted February 5th, 1914.   Decided February 9th, 1914.]

1. A bequest to surviving persons following a bequest for life means to such of the persons as survive the holder of the life interest.

2. Testator left part of his estate in trust for a daughter for life, the principal over to her children in equal shares as they attained majority, and, at her death without issue surviving, the principal equally between the surviving children of all his sisters, "or in other words, between all the nephews and nieces who are the children of all my sisters," and provided should the daughter not survive him, her part was to be disposed of to such nephews and nieces   The income from one-fifth of his estate was left to each of two sisters for life and at their death to her children until the youngest attained majority, and then the principal equally among her surviving children, and, in case his sisters did not survive him, their whole interest was to go as directed after their decease.   The daughter survived testator and died without children.—*Held*, that the nephews and nieces who survived testator, but predeceased the daughter, took no interest in the trust fund, but that the bequest was to the class of nephews and nieces who survived the daughter and who took a vested equitable estate subject to be divested by her death leaving issue.

3. In such case the provision that in case the daughter did not survive him her part should "go in the manner above directed to said nephews and nieces" did not affect the nature of the bequest, or change the class of beneficiaries, since the gifts to those nephews and nieces who predeceased testator would have lapsed in favor of the remainder of the class.

On bill for construction of will.

*Messrs. James & Malcolm G. Buchanan*, for the complainant.

*Mr. W. Holt Apgar, Mr. Gardner H. Cain* and *Mr. Peter Backes*, for the defendants.

BACKES, V. C.

William H. Burdsall died in 1859 leaving a twenty-page holograph will, dated February 9th of that year, part of which, pertinent to these conclusions, reads as follows:

"My whole estate real and personal, or the proceeds thereof remaining after satisfying the provisions herein already made for the disposition of the portions required herein to be specially disposed of as herein directed. I direct held in trust and appoint George B. Carhart of N. York and Henry M. Laing of Philada. Trustees, and give the same to them and the survivor of them, subject to such disposition as is hereafter herein provided for, To wit, First to my daughter Irene Burdsall three-fifths (⅗) of the whole income thereof during her natural life for her maintenance, support and education, to be applied during her minority as will hereafter be directed, after she attains her majority to be paid her in semi-annual dividends if practicable,—During her minority such portions only of her income as is necessary for her comfortable maintenance, support and liberal education to be used, The balance to be loaned out from time to time in the manner herein directed for making loans, and all the income from such loans on the amounts accumulated by principal and interest, during her minority, be also paid her semi-annually if practicable after she becomes of age, and during her natural life. After her decease the whole principal of which she has had the income from, being three-fifths (⅗) of the whole and the increase to be divided between her children in equal shares as they attain their majority. During their minority the income to be used in equal portions for their maintenance, support and education. *Should she die without issue her surviving, I direct that the whole amount of her portion of principal be divided as soon as practicable equally between the surviving children of all my sisters, or in other words, between all my nephews and nieces who are the children of all my sisters.* Should my daughter not survive me, the disposition of her portion above named, to go in the manner above directed to said nephews & nieces—should no child or children of my daughter her surviving attain majority, and in case such child or children die without issue surviving them, then my daughters whole interest to go as above directed to said nephews and nieces in the same manner as directed in the event of my daughters dying without issue surviving her."

The only other portion of the document which may serve to illuminate and concerning which there is no dispute follows the above and reads:

"*Second.* To my sister Mary B. Potts one fifth of the income of my whole estate, during her natural life for her maintenance or for her sole personal use and benefit, to be solely under her control. At her decease the income to go for the maintenance, support and education of

her minor surviving children until the youngest becomes of age, then the whole principle being one fifth, to be divided equally between all her surviving children. Should my sister Mary not survive me the whole interest provided for her, to go in the same manner as directed after her decease, in case she should live to receive and have the use of it.

"*Third.* To my sister Anna Campbell the income of one fifth (⅕) of *my whole estate (being the same amount of interest herein provided for my sister Mary, with the understanding that it is for her sole personal benefit and use, maintenance and support during her natural life to be entirely under her own control. After her decease the income to go for the maintenance, support and education of her surviving minor children,* until the youngest attains majority. Then the whole principle being one fifth to be divided equally between all her surviving children,—Should my sister Anna not survive me, the whole interest provided herein for her to go in the same manner as directed after her decease, in case she should live to receive and have the use of it."

The testator had three married sisters, each of whom had children living at the time the will was executed. One sister, Eliza Southwick, was then deceased. The daughter Irene died recently, without having had children, and the estate is now ready for distribution. The present controversy is between the nephews and nieces surviving the life right holder and the personal representatives of nephews and nieces who survived the testator but predeceased the daughter, and involves the construction to be given to the phraseology of the will above emphasized in italics. The complainant, substituted trustee, is an indifferent stakeholder and asks instructions.

Had the testator contented himself with terms bequeathing the *corpus* of the daughter's life interest to be divided "between the surviving children of all my sisters," upon his daughter failing of issue, then, under the familiar rule of construction, that a bequest to surviving persons following a bequest for life, means to such of the persons as survive the holder of the life interest (*Stout* v. *Cook, 79 N. J. Eq. 573*), there would be no room for speculation. But, to this testamentary language, of definite legal significance, he added, "or in other words between all my nephews and nieces who are the children of all my sisters," which is seized upon by the representatives of the nephews and nieces who predeceased the life tenant, as the basis for their contention that the equitable estate in the trust fund vested in all the testator's nephews and nieces who survived him, and, consequently,

in right of their decedents, they are entitled to share in the distribution. To their insistence I cannot subscribe without doing violence to the manifest intention of the draftsman of the will. The bequest was to a class of nephews and nieces, viz., those who survived the testator's daughter. By the added words just quoted and which occasion a divergence of opinion, the testator merely nominated all of the children of all of his sisters as eligible takers in the class if they qualified by outliving his daughter, and left the class undisturbed. There was no intention to destroy or enlarge it. In prefacing the disputed language by "or in other words" immediately following the bequest to the nephews and nieces, the testator obviously intended to explain and not to qualify that which preceded. The expression was used in the nature of a *videlicet* or an equivalent of "that is to say." This view finds support in the circumstances that in a succeeding part of his will, the testator made specific provision for the surviving children of his two then living sisters but none for those of his deceased sister, Eliza. Evidently apprehensive that this fact might be misconstrued as a controlling discrimination between his nephews and nieces in the bequest now being considered, the testator, in an effort to clarify his meaning, resorted to explanatory expressions, which to him must have seemed unmistakable.

Another indication of the testator's bent of mind to limit his beneficiaries to those living at the happening of given events, is to be seen in the manner in which he disposed of the bequests for life to his two sisters. These he directed should go to their respective surviving children. So, it will be observed, that the trust fund created by the will and consisting of the testator's entire residuary estate, was bequeathed after the termination of the three life estates, to survivors only.

The interest which the nephews and nieces took under the will was a vested equitable estate, subject to being divested by the testator's daughter dying, leaving issue (*Dunn* v. *Cory, 56 N. J. Eq. 507*) ; or by predeceasing her (*Van Houten* v. *Hall, 71 N. J. Eq. 626; 73 N. J. Eq. 384*).

Two contingencies mentioned in the will, and to which I will now advert, are pointed out by counsel as evidencing testator's in-

tention to include in the bequest to the nephews and nieces all of the children of all of his sisters who survived him. The provision that in case the testator's daughter did not survive him, her portion should "go in the manner above directed to said nephews and nieces" did not affect the nature of the main bequest nor change the class of beneficiaries. The gift to those who failed to survive the testator would have lapsed in favor of the remainder of the class. *Security Trust Co.* v. *Lovett, 78 N. J. Eq. 445.*

The further disposition made of the daughter's interest, in case her children should die before reaching majority and without issue, would not, had the situation presented itself, have altered the vested interest of the nephews and nieces who survived the daughter. Its effect would have been merely to further postpone the enjoyment.

A decree will be advised in accordance with these views.